[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action was commenced by complaint dated July 22, 1998. The plaintiff, Higganum Pizza Palace, Inc., seeks to collect the balance of a promissory note executed by the defendant on February 25, 1997, plus interest, late fees, costs and attorney fees. The defendants do not deny that the promissory note is unpaid. By counter claim, however, the defendants assert that they relied on the misrepresentations of the plaintiff when entering into the agreement, and that the value of the sale was substantially less than represented by the plaintiff. This matter was tried before the court on September 25, 2001, and post trial briefs submitted by the parties two weeks later.
Facts
On February 25, 1997 the plaintiff, Higganum Pizza Palace, Inc., sold a pizza restaurant to the defendant, Stiliani, LLC, for the price of $100,000. As part payment Stiliani gave a promissory note to the plaintiff in the amount of $50,000.00, bearing interest at the rate of 8% per annum. The note was guaranteed by the defendant, Konstantinos Meleounis, payable over 72 month installments of $876.66 per month and accorded a late fee equal to 5% of any unpaid installment. Attorneys' fees and costs were also provided by the note in the event of default.
Negotiation for the sale occurred between Sophia Vardouhas, an owner of the restaurant, and Konstantinos Meleounis. After discussion, the parties agreed to a sale price of $100,000.00. Meleounis worked in the restaurant prior to finalizing the agreement and observed its operation. The accounting books of the restaurant were available for inspection by the defendant, however, they were never reviewed by him. A provision in the sales agreement stating that "the Seller represents that the gross sales are approximately $5000.00 per week" was specifically deleted by the seller's attorney prior to the closing. CT Page 15258
Meleounis took over operation of the business following the closing on February 25, 1997. Initially, his gross sales were approximately $3500.00 per week; below what he expected. Gradually, however, his sales increased and he currently grosses between $7000.00 and $9000.00 per week. Because his initial earnings were not what he anticipated, Meleounis asked the plaintiff to renegotiate the terms of the note. The plaintiff refused and Meleounis stopped payment on the promissory note in December, 1997. As of September 25, 2001, principal, late fees and interest are due on the note in the amount of $61,131.52. Attorney fees and costs incurred by the plaintiff in pursuing this action total $13,787.61. (Ex. 9, Affidavit of Attorneys' Fees).
Discussion
In their trial brief, the defendants do not contest that the note is unpaid. It is argued, however, that the plaintiff fraudulently misrepresented the gross sales of the pizza restaurant to be $5000.00 per week. This caused Mr. Meleounis to pay significantly more for the business than he would have knowing the "true" gross sales of $3500.00 per week. The defendants ask for a commensurate set-off against the note.
"The essential elements of a cause of action in fraud are: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. . . . All of these ingredients must be found to exist; and the absence of any one of them is fatal to a recovery. . . . Additionally, [t]he party asserting such a cause of action must prove the existence of the first three of [the] elements by a standard higher than the usual fair preponderance of the evidence, which higher standard we have described as `clear and satisfactory' or `clear, precise and unequivocal.'" Anastasia v. Beautiful You Hair Designs,61 Conn. App. 471, 767 A.2d 118 (2001), citing: Citino v. RedevelopmentAgency, 51 Conn. App. 262, 275-76, 721 A.2d 1197 (1998).
"Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact. . . . The trier of facts is the judge of the credibility of the testimony and of the weight to be accorded it." (Citation omitted; internal quotation marks omitted.) Maturo v. Gerard, 196 Conn. 584,587-88, 494 A.2d 1199 (1985). In this case, after hearing and observing the witnesses, the court does not credit the defendants' assertion that the plaintiff misrepresented the value of the business. Both Sophia Vardoulis and her husband, Peter, adamantly and believably I denied that they represented the weekly sales to be $5000.00. Moreover, a provision in the sales agreement stating that the seller represented such sales was CT Page 15259 specifically deleted from the agreement by the plaintiff's attorney. The defendants have not met, even by a preponderance of the evidence, their burden of showing that a misrepresentation was made by the plaintiff.[1]
The court also finds the assertion by the defendant, Mr. Meleounis, that he relied on the representations of the plaintiff in agreeing to a sales price, untenable. The defendant worked in the restaurant prior to the completion of the sale. He observed, first hand, the level of sales and other factors which would contribute to the value of the business. While Mr. Meleounis could have reviewed the accounting books or obtained independent advice concerning the worth of the business, he did not. The defendant had every opportunity to completely and accurately assess the value of this business and cannot now blame the plaintiff for the infirmities in his own valuation.
Lastly, the defendants have not proven that they suffered damage as a result of the plaintiff's alleged misrepresentation. While Mr. Meleounis grossed $3500.00 per week in the period following the sale, his earnings have steadily increased and he now grosses between $7000.00 and $9000.00 per week. The defendants' initial, lower than expected, revenue was most likely due to the transitions inherent in the transferring of ownership, rather than to any misrepresentations on the part of the plaintiff
For the above reasons, the court finds for the plaintiff in the case-in-chief and against the defendant on the counterclaim. Damages are awarded to the plaintiff in the amount of $61,131.52. Reasonable attorneys' fees and costs are also awarded in the amount of $13,787.61.
CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT